## MARCELLO BONINO *vs.* GERVASIO CALEDONIO.

Suffolk.  Jan. 11. — March 24, 1887.  HOLMES & GARDNER, JJ., absent.

In an action for an assault, in biting the plaintiff's nose, the physician who attended the plaintiff after the assault, and who had testified as to the cause of the injury, stated, in answer to an inquiry, that he made an examination of the plaintiff about eight months after he first came to him. The witness was then asked to state the condition in which he found the plaintiff, so far as related to the effect of the injury to the nose ; and, after describing the plaintiff's general condition, he answered that " there was then a large ulcer on the nose, and the nose was a running sore." The defendant requested the judge to exclude that part of the answer quoted ; but the judge declined so to do. On the re-direct examination, the plaintiff asked the witness, " When the plaintiff was under your treatment, did you find him syphilitic ? " The defendant objected to this question ; and it did not appear what the answer of the witness was. *Held*, that the defendant showed no ground of exception.

In an action for an assault, no justification was pleaded ; but the defendant, after evidence had been admitted, without objection, tending to show that the plaintiff had repeatedly threatened to assault the defendant, and had without provocation first assaulted him on the occasion in question, offered to show that, on two occasions, two and three days respectively before the assault sued for, the plaintiff made unprovoked assaults upon him and injured him. *Held*, that the evidence offered was rightly excluded.

In an action for an assault, evidence that a complaint had been preferred to the grand jury for the same assault, and that no indictment had been returned against the defendant, is inadmissible.

At the trial of an action, while the plaintiff's counsel was making his closing argument to the jury, the defendant handed to the judge, for the first time, certain written requests for instructions to the jury, which had not been shown to the plaintiff's counsel. The judge declined to consider the requests at that stage of the case, and made no use of them in the charge, but gave the jury full instructions ; and the defendant said nothing further, although the judge, in declining to receive the requests, had said to counsel, that, at the close of his charge, attention might be called to any point not covered by his instructions. *Held*, that the defendant showed no ground of exception.

TORT. The declaration alleged that, on May 12, 1885, the defendant made an assault upon the plaintiff, and, with intent to maim and disfigure the plaintiff, with the defendant's teeth bit, mutilated, and tore the plaintiff's nose. Answer, a general denial. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiff produced evidence tending to show that, on May 12, 1885, the day of the alleged assault, the defendant attacked him and bit his nose. The plaintiff called a physician, who testified that the plaintiff, soon after he was wounded, called upon him, and that he then examined him in a general way; that in his opinion the plaintiff's nose was injured by some sharp instrument, as teeth, or by a hook or a prong; that he attended the plaintiff for some six months; that there seemed to be an ulcer spreading. In answer to an inquiry, the physician stated that he made an examination of the plaintiff about eight months after the plaintiff first came to him, and he was then requested to state the condition he found the plaintiff in, so far as related to the effect of the injury to the nose. In answer, the physician described the plaintiff's general condition, and then said, "There was then a large ulcer on the nose, and the nose was a running sore." The defendant requested the judge to rule that the testimony of the physician be struck out, so far as it described the plaintiff's condition as having a large ulcer on the nose and the nose a running sore eight months after the injury; but the judge declined so to do.

After the cross-examination, the plaintiff on the re-direct examination of the physician, asked him, "When the plaintiff was under your treatment, did you find him syphilitic?" The defendant objected to this question; but the judge overruled the objection.

The defendant introduced evidence tending to show that, for some time prior to May 12, 1885, the plaintiff had from time to time made threats against the defendant, saying, among other things, that he would split the defendant's head open, and that these threats had come to the knowledge of the defendant before the fight on May 12. There was also evidence tending to show that the assault, out of which this action grew, was unprovoked on the part of the defendant, and was begun by the

plaintiff. The defendant then offered evidence to show that, on May 9, 1885, the plaintiff began an unprovoked assault upon the defendant, and injured him; but the judge excluded the evidence of such assault.

The defendant then offered evidence to show that the plaintiff, on May 10, 1885, began an unprovoked attack upon the defendant, and that again the defendant was injured by the plaintiff; but the judge excluded the evidence.

The defendant then offered to show, by the records of the Superior Criminal Court for Suffolk county, that a complaint had been preferred to the grand jury for an assault and battery by this defendant on this plaintiff, on May 12, 1885, being the same fight out of which this action arose; and that the grand jury had found and returned "No bill" against this defendant. The judge excluded the evidence.

While the plaintiff's counsel was making his closing argument to the jury, and near its close, the defendant handed to the judge, for the first time, certain written requests for instructions to the jury, which had not been shown to the plaintiff's counsel. The judge declined to consider the requests at that stage of the case, and made no use of them in the charge, but gave the jury full instructions; and the defendant said nothing further, although the judge, in declining to receive the requests, said to counsel, that, at the close of his charge, attention might be called to any point not covered by his instructions.

The jury returned a verdict for the plaintiff in the sum of $400; and the defendant alleged exceptions.

*E. B. Goodsell,* for the defendant.

*C. H. Hudson & P. J. Casey,* for the plaintiff.

W. ALLEN, J. 1. The testimony of the physician as to the condition of the plaintiff's nose eight months after the assault was in answer to the request to state the condition of the plaintiff at that time, so far as related to the effect of the injury to the nose. The court could not exclude the testimony without ruling that there was no evidence to connect the condition with the injury.

2. It does not appear that the question put to the physician on the re-direct examination by the plaintiff was answered, nor whether the answer, if one was made, was favorable to the plaintiff or to the defendant.

3. The assault alleged in the declaration, and relied upon by the plaintiff, was the biting and mutilating of the plaintiff's nose. No justification was pleaded, but the defendant offered evidence of provocation in mitigation of damages. After evidence tending to prove that the plaintiff had threatened to assault the defendant, and had without provocation first assaulted him on the occasion in question, which was admitted without objection, the defendant offered to prove that, on two occasions, two and three days before the assault declared on, the plaintiff made unprovoked assaults upon him and injured him. An exception is taken to the exclusion of this evidence. The rule in regard to the admission of evidence of this character is thus laid down in 2 Greenl. Ev. (13th ed.) § 267. "They [the jury] are to consider circumstances of recent and immediate misconduct on the part of the plaintiff, in respect to the same transaction, tending to diminish the degree of injury which, on the whole, is fairly to be attributed to the defendant." And he gives as an example of this the provocation by the plaintiff of "the assault complained of, by words or acts so recent as to constitute part of the *res gestæ.*" That the circumstances of mitigation must form part of the *res gestæ* has been repeatedly held by this court. *Mowry* v. *Smith,* 9 Allen, 67. *Tyson* v. *Booth,* 100 Mass. 258. *Child* v. *Homer,* 13 Pick. 503. The acts of the plaintiff offered in evidence are in no wise connected with the act of the defendant complained of, except that they are similar to the act of the plaintiff which is alleged to have accompanied and provoked it. They are incompetent, either as constituting provocation for the defendant's act, or as tending to prove the first assault by the plaintiff, which would constitute provocation. No substantive question of intent is involved in the proof that the plaintiff first assaulted the defendant, which would make evidence of former assaults competent in proof of that, within the rule applied in *Commonwealth* v. *McCarthy,* 119 Mass. 354, and *Commonwealth* v. *Bradford,* 126 Mass. 42.

4. Evidence of the action of the grand jury was incompetent.

5. No exception was taken to the charge to the jury, and it does not appear what requests for instructions were made by the defendant, nor that they were not given in substance in the charge. The exception is to the act of the judge in deferring

the consideration of the requests presented during the closing argument, and without their having been shown to the opposing counsel, until after the charge to the jury. This was not a refusal to give the instructions requested. They may have been given. If they were not, the defendant should have called the attention of the court to the fact at the close of the charge, and taken an exception. *Exceptions overruled.*