CHAPMAN v. HARGROVE.   (No. 1963.)

(Court of Civil Appeals of Texas.   Texarkana.
April 17, 1918.   Rehearing Denied
May 16, 1918.)

ASSAULT AND BATTERY ⟐13—CIVIL LIABIL-
ITY — TRIAL — INSTRUCTIONS — SELF-DE-
FENSE.

In a civil action for assault, the criminal
law rule that the aggressor may attack in self-
defense when it reasonably appears he is about
to be attacked by the other person whether the
other had such intent to attack or not is in-
applicable, and defendant must prove that plain-
tiff was culpably responsible for the deceptive
appearances to escape liability for defensive as-
sault.

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Delta County Court; T. E. McMillan, Judge.

Suit by J. C. Hargrove against F. E. Chapman. Judgment for plaintiff, and defendant appeals. Affirmed.

James Patteson, of Cooper, for appellant. Newman Phillips, of Cooper, for appellee.

HODGES, J.  This suit was instituted by the appellee to recover damages for personal injuries resulting from an assault made upon him by the appellant, Chapman. In a trial before a jury he recovered a judgment for $150. Among other things, the defendant pleaded self-defense. The court presented that issue generally in his main charge. In this appeal it is insisted that the general charge was not full enough, and that the following special charge requested by the appellant should have been given:

"You are charged that a person in the lawful defense of his person does not have to wait until his antagonist has assaulted him, but that he has the right to bring on the fight if from the actions at the time it shall reasonably appear to him that his antagonist is about to assault him, although the person so assaulted may have had no unlawful intent in his actions; and you are charged that you must look at this from the standpoint of the person that is about to be assaulted."

The rule recognized as proper in presenting the plea of self-defense in criminal prosecutions is not applicable to civil suits for damages like this. In criminal prosecutions the purpose of the law is to prove and punish conduct prompted by an evil motive; and in determining the animus of the accused in beginning an aggressive defense of himself it is necessary to look at the surroundings from his standpoint. But in a civil action for damages resulting from an assault the purpose is compensation for an injury, and the aggressor cannot escape upon a plea of self-defense by merely proving that he thought he was about to be attacked, when no attack was contemplated by the injured party. To justify a defensive assault provoked by deceptive appearances the defendant must show, not only a situation which creates a reasonable apprehension of danger to himself, but one for which the assaulted party is culpably responsible. Otherwise the injured party might be made to suffer for conditions over which he had no control. In an action for actual compensation the injured party has some right to have the offensive conduct viewed from his standpoint. The assailant who strikes an unnecessary blow cannot in every instance shift the consequences of his mistake to the injured victim.

In this case the appellant's own testimony disclosed a situation which shows that the court's general charge was a more liberal presentation of that defense than he was entitled to demand.

The judgment is affirmed.