### HAVERBEKKEN v. JOHNSON et al.
### (No. 6288.)

(Court of Civil Appeals of Texas. Austin.
Feb. 16, 1921.)

**1. Assault and battery ⬤⟾27 — Evidence of criminal prosecution against plaintiff inadmissible in action for damages.**

In an action for damages for assault and battery, court erred in admitting evidence that plaintiff and another who accompanied him had been indicted for assault in the same difficulty, and in requiring plaintiff to testify concerning the trial in the county court upon such charges, and in admitting evidence to the effect that plaintiff did not report the matter to the grand jury nor county attorney, and that grand jury did not indict defendant nor the county attorney file complaints.

**2. Assault and battery ⬤⟾13 — Self-defense in civil action same as in criminal.**

The law of self-defense is the same in an action for damages for assault and battery as in a criminal prosecution, with the exception that the rule of evidence in a criminal cause gives the defendant the benefit of a reasonable doubt.

**3. Appeal and error ⬤⟾750(3)—Assignment of error to admission of evidence insufficient where rejection of evidence was meant.**

An assignment of error complaining of action of court in admitting certain testimony will not be considered where the proposition thereunder and the bill of exception show that the complaint made below was at the refusal to admit testimony offered by appellant.

**4. Trial ⬤⟾203(3)—Both parties have right to present charges presenting fact or facts establishing material issue.**

Both plaintiff and defendant have the right to prepare and demand charges presenting for the consideration of the jury a fact or group of facts which, if found to be true, establish in law some material issue; that is, they have the right to have the court explain to the jury the principle of law applicable to the very facts constituting a cause of action or defense.

**5. Assault and battery ⬤⟾13—Party retreating entitled to damages.**

If an assault and battery was committed upon plaintiff by defendants because of a demonstration made by him, and they continued the attack after learning that the demonstration was not hostile, the subsequent attack was not justified by the previous apparent attack.

**6. Trial ⬤⟾253(9)—Requested charge ignoring evidence too broad.**

In an action for damages for assault and battery, a charge demanded by plaintiff that, if, after the original demonstration by plaintiff ceased, defendants or any of them assaulted plaintiff, it would not be justified, and they should find for the plaintiff, was properly refused as being too broad, where there was evidence that plaintiff attempted to attack some of the defendants after the original alleged hostile demonstration.

**7. Trial ⬤⟾250—Requested charge as to verbal provocation in action for damages properly refused.**

In an action for damages for assault and battery, court did not err in refusing the plaintiff's request to charge that, if plaintiff by his words and acts merely provoked the difficulty, and under such provocation defendants injured plaintiff, the defendants would not be justified, and they should find for the plaintiff, where under the pleading and evidence verbal provocation was alone in issue.

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Suit by Chris Haverbekken against Will Johnson and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

S. C. Padelford, of Fort Worth, for appellant.

Jas. M. Robertson, of Meridian, for appellees.

BRADY, J. The appellant, Chris Haverbekken, brought this suit against the appellees, Will Johnson, I. M. Solberg, and J. E.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Spear, for damages, both actual and exemplary, alleged to have resulted from an unlawful and malicious assault and battery made by the defendants upon the plaintiff. It was alleged in the petition that the assault and battery occurred upon the plaintiff's land, or land belonging to his father. Defendants answered by general denial, and specially that Spear was road overseer, and that they were all working a public road, under official orders, when the plaintiff ordered them to desist from the work, and made a threatened attack upon them, and that they acted in self-defense. It was also alleged by defendants that the work they were doing was upon a culvert outside the inclosure of the Haverbekken land, and upon land which had been acquired by Bosque county for road purposes.

The case was submitted upon a general charge, and resulted in a verdict and judgment for the defendants.

The evidence was conflicting as to whether the difficulty occurred on the Haverbekken lands or upon land outside such inclosure and upon a public road, which had been acquired or attempted to be acquired by Bosque county. The evidence is also in conflict as to the reasons for the difficulty, the claim of self-defense, the extent of the injuries to plaintiff, and the means with which they were inflicted.

[1] There are several assignments of error, complaining of the admission of testimony that plaintiff and his brother, who accompanied him at the time of the difficulty, had been indicted for assault in this same difficulty, and further complaining that plaintiff was required to testify concerning the trial in the county court upon these charges. The assignments also go to the admission of testimony, to the effect that the plaintiff did not report the matter to the grand jury nor to the county attorney, and to the effect that the grand jury did not indict the defendants, nor did the county attorney file complaints against them for the alleged assault.

We are of the opinion that these assignments should be sustained. The testimony referred to was legally inadmissible, and was probably, if not manifestly, prejudicial to appellant's rights, especially in view of the argument made by counsel for the defendants, based upon such testimony. We cannot see any proper bearing that the testimony in question could have had upon the real issues of the case. As a case illustrative of the reasons why testimony of this character is inadmissible, we cite Croft v. Smith, 51 S. W. 1089.

[2] There are also certain assignments assailing the court's charge, apparently upon the theory that the right of self-defense is more limited in the case of a civil action than in one involving criminal charges. On this point appellant cites Chapman v. Har-

228 S.W.—17

grove, 204 S. W. 379, a decision by the Court of Civil Appeals for the Sixth District. The case seems to recognize the doctrine contended for by appellant. However, we think the rule is well settled in this state to the contrary. In March v. Walker, 48 Tex. at page 377, it was said:

"The law of self-defense is the same as in a criminal prosecution, with the exception of the rule of evidence which, in a criminal cause, gives the defendant the benefit of a reasonable doubt. That doubt, however, is as to the facts, not as to the extent of the right. The stage of the difficulty at which self-defense ceases is just the same, whether the question be investigated civilly or criminally."

Substantially to the same effect are the following Texas authorities: Wallace v. Stevens, 74 Tex. 559, 12 S. W. 283; Garcia v. Sanders, 90 Tex. 103, 37 S. W. 314; Croft v. Smith, 51 S. W. 1089; Gray v. Phillips, 54 Tex. Civ. App. 148, 117 S. W. 870. We also refer to the note in 23 L. R. A. (N. S.) 996.

We are of the opinion that the court's main charge was a correct statement and application of the law, generally, to the case. We entertain no doubt that the charge was not subject to the objections urged by appellant. Therefore the assignments involving complaints at the charge of the court are all overruled.

[3] The sixth assignment of error will not be considered, because it complains of the alleged error of the court in admitting certain testimony; whereas the proposition thereunder and the bill of exception show that the complaint made below was at the refusal to admit testimony offered by appellant.

[4] Appellant has further assignments to the effect that the court erred in refusing to give certain special charges which, it is claimed, presented issues not specifically covered by the main charge. We are of the opinion that these assignments should be overruled, because the requested charges were not correct. However, in view of the probability of another trial, we call attention to the doctrine announced in Railway v. McGlamory, 89 Tex. 639, 35 S. W. 1058, and now fully recognized in this state. The rule is to the effect that both plaintiff and defendant have the right to prepare and demand charges, presenting, for the consideration of the jury, a fact or group of facts which, if found by them from the evidence to be true, establishes in law some material issue presented by the pleading; in other words, they have the right to have the court explain to the jury the principles of law applicable to the very facts constituting a cause of action or a defense. Under this rule appellant, if he had prepared and submitted proper and correct special charges upon the issues attempted to be embraced in those submitted, would have had the right to demand their submission to the jury.

[5, 6] The rule, however, requires the party, at his peril, to present correct charges relating to ultimate issues made by the pleadings and the evidence. If, upon another trial, the plaintiff should submit a correct charge to the effect that, if an assault and battery was committed upon plaintiff by defendants, because of any demonstration made by him, and they continued the attack after learning that the demonstration was not hostile, the subsequent attack would not be justified by the previous apparent attack, it should be given. The charge presented by appellant on this issue was materially defective because it instructed the jury, in effect, that if, after the original demonstration by plaintiff ceased, defendants or any of them assaulted plaintiff, it would not be justified, and they should find for the plaintiff. In view of the evidence that as to some of the defendants plaintiff attempted to attack them after the original alleged hostile demonstration, the charge is manifestly too broad.

If, too, a proper charge should be presented upon the issue that plaintiff did no more than forbid defendants from building the culvert, and that for this alone defendants assaulted him, it should be given. The vice in the charge presented is, in our opinion, because it assumes that defendants were trespassing upon his lands, and because it does not clearly limit the scope of the charge to an assault and battery committed solely on account of the plaintiff's having forbidden the building of the culvert. A similar criticism is to be found against the other special charge requested by appellant on this issue. It is too broad and ignores the plea of self-defense urged by defendants.

[7] There was a further special charge requested in which plaintiff asked that the jury be instructed that, if by his words and acts merely he provoked the difficulty, and that under such provocation defendants injured plaintiff, this would not justify the injuries, and they should find for the plaintiff. If this charge had been limited to verbal provocation, it would probably have been correct, and should have been given, although a similar instruction is found in general terms in the main charge. The charge as prepared, however, was not limited to provocation by words, but also by acts, and was not a proper statement of the law of the case under the pleadings and evidence offered by defendant. Their special plea of self-defense and the evidence offered thereunder made the question of an apparent attack by plaintiff and action by defendants upon appearances justifying a reasonable apprehension of danger a question of fact for the jury.

We think the above sufficiently indicates our views concerning the special charges requested by plaintiff for the guidance of the trial court in the event of another trial.

There are several other assignments, which it is thought do not require discussion. It is deemed sufficient to say that they have been carefully considered, and are believed to be groundless. Therefore we overrule each of them.

For the errors indicated, the judgment will be reversed, and the cause remanded for further trial.

Reversed and remanded.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes