Young *et al. v.* Davis.

(Division B. Dec. 9, 1935.)

[164 So. 586. No. 31942.]

Watkins & Eager, of Jackson, for appellants.

Howie & Howie, of Jackson, for appellee.

Argued orally by **Tom Watkins**, for appellant, and by **W. B. Fontaine**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action in the circuit court of Hinds county against appellants, the marshal of the town of Terry, and the Maryland Casualty Company, the

surety on his official bond, to recover damages for an alleged assault committed on him by Young in attempting to arrest him for a criminal offense claimed to have been committed within the corporate limits of the town in the presence of Young. There was a verdict and judgment in appellee's favor, from which appellants prosecute this appeal.

The evidence for appellee tended to show that Young undertook to arrest appellee without any ground; that appellee was violating no law either of the state or of the town. On the other hand, the evidence for appellants tended to show that appellee was driving an automobile while drunk and was cursing in the presence of the marshal and others. In other words, there was a sharp conflict on the issue of liability.

Over the objection of appellants the court permitted appellee to introduce in evidence the affidavit of the marshal made in the mayor's court of the town of Terry charging the appellee with driving an automobile on the streets of the town while drunk, and the verdict of the jury on the back of the affidavit finding appellee not guilty of the charge. This action of the court was error and harmful error. The parties in the two cases were different. The burden of proof was different. In the criminal case the state was required to prove guilt beyond a reasonable doubt. In the civil action appellee was required to prove his case only by a preponderance of the evidence. Appellants had no opportunity to be heard in the criminal case, they were not parties to it. The following authorities are decisive of the question in favor of appellants' contention: Adams, Revenue Agent, v. Sigman, 89 Miss. 844, 43 So. 877; Smith v. Bryson (Tex. Civ. App.), 33 S. W. (2d) 268; Piechotta v. Fried, 46 N. D. 620, 181 N. W. 602; Haverbekken v. Johnson (Tex. Civ. App.), 228 S. W. 256; Bonino v. Caledonio, 144 Mass. 299, 11 N. E. 98; Fitzgerald v. Lewis, 164 Mass. 495, 41 N. E. 687.

Appellee argues that if it was error to admit in evidence the affidavit and verdict of the jury, the error was provoked by appellants. We find nothing in the record to justify that contention. If other errors were committed, they were of little importance and are of such character as will probably not occur on another trial.

Reversed and remanded.