# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CP-00643-SCT

*NORRIS HOLLY*

*v.*

*MISSISSIPPI DEPARTMENT OF CORRECTIONS*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/02/97 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOSEPH A. GOFF |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 10/22/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/12/98 |

**BEFORE SULLIVAN, P.J., MILLS AND WALLER, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This appeal arises from the termination of Norris Holly from his position as a Correctional Officer, CO-I, at Unit 29 of the Mississippi Department of Corrections (hereinafter MDOC) at Parchman. On April 21, 1995, CO-I Albert Robinson approached Holly in his car as he neared the front gate of Parchman at the end of his shift. Robinson had followed Holly to the front gate after observing Holly speeding and driving recklessly. Holly cursed Robinson and refused to identify himself, so Robinson called Captain Charles Cole, the Institutional Watch Commander. Holly cursed Captain Cole and refused to give him his ID. After Holly refused to move his car, Captain Cole attempted to retrieve Holly's car keys, but Holly shoved and threatened Captain Cole. Upon Major Gene Crocker's request, Holly moved his car, and a search of the vehicle was conducted, revealing a pistol under the driver's seat. The officers working in and around the front gate testified that Holly failed to check his weapon in at the front gate that day, but the weapons log from the front gate was missing the page from April 21 by the time of Holly's hearing before Employee Appeals Board Hearing Officer Falton O. Mason, Jr.. Witnesses for Holly testified that they did not hear Holly use any profanity, nor did they see Holly shove Captain Cole. One witness also stated that she saw an officer at the front gate hand Holly an object before Robinson arrived. Holly testified that the officers were lying and implied that there was a conspiracy against him to have him fired. Deputy Sheriff

Aaron Trotter arrived on the scene and took custody of Holly, who was charged with public profanity, reckless driving, simple assault, and possession of a weapon.

¶2. Superintendent Edward M. Hargett notified Holly of his termination by a letter dated June 19, 1995. The grounds for termination as set out in the notification were:

Group III, Number 11--Acts of conduct occurring on or off the job which are plainly related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency's duties, to the public or to other state employees;

Group III, Number 9--Threatening or coercing employees, supervisors, or business invitees of a state agency or office, including stalking;

Group III, Number 8--Unauthorized possession or use of firearms, dangerous weapons or explosives;

Group II, Number 1--Insubordination, including, but not limited to, resisting management directives through actions and/or verbal exchange, and/or failure or refusal to follow supervisor's instructions, perform assigned work, or otherwise comply with applicable established written policy;

Group I, Number 3--obscene or abusive language.

¶3. Holly appealed his termination to the Employee Appeals Board (hereinafter EAB), and on October 3, 1995, Hearing Officer Mason conducted the hearing on Holly's appeal. Officer Mason sustained Holly's termination by the MDOC, dismissing Holly's appeal with prejudice, in an October 1, 1995, order. Holly requested a review of Officer Mason's decision by the Full Board. The EAB affirmed Officer Mason's order based upon a review of the record before it on March 29, 1996. In its order, the EAB noted that Holly failed to file a brief or a hearing transcript.

¶4. Holly next appealed to the Circuit Court of Sunflower County. Circuit Court Judge Gray Evans affirmed the decision of the EAB in an order dated March 17, 1997, based upon the limited record before the circuit court, since Holly failed to have a transcript of the EAB hearing prepared for his appeal. On March 24, 1997, Holly filed a request for a time extension due to his financial problems and the murder of his attorney, Cleve McDowell. Holly also filed a motion requesting the circuit court to reconsider its decision, asserting that he had new evidence in the form of his acquittal in the criminal charges filed against him in justice court. Judge Evans denied Holly's motion for reconsideration in an April 2, 1997, order. Holly appeals to this Court, assigning as error the denial of his request for a time extension, the refusal of the circuit court to consider new evidence, and application of an improper legal standard in the hearing officer's review of his termination.

## STATEMENT OF THE LAW

### I.

### CIRCUIT COURT'S DENIAL OF HOLLY'S REQUEST FOR A TIME EXTENSION

¶5. Holly contends that the circuit court should have granted his request for additional time to file a brief after his attorney was found murdered and due to financial strain. Holly also argues that the circuit court's denial of his petition, based upon a limited record, was in error, because he cannot afford to pay for his hearing transcript. Cleve McDowell, Holly's attorney, was killed on March 13, 1997. 1997 Miss. Laws, Senate Concurrent Resolution 642. Judge Evans entered his order affirming the EAB's decision on March 17, 1997. Holly filed his motion for a time extension on March 24, 1997, one week after Judge Evans entered his order.

¶6. Appeals from EAB decisions must be made by filing a petition in circuit court and filing a bond to cover the cost of preparing a transcript of the EAB hearing. Miss. Code Ann. § 25-9-132 (1991). The petition and bond must be filed within thirty days of receipt of the EAB's final decision. *Id*. The EAB's final decision in this case was entered on March 29, 1996. The rules governing the filing of briefs in the Supreme Court apply to appeals on the record in circuit court. URCCC 5.06. Failure by the appellant to timely file his brief can result in dismissal of the appeal. M.R.A.P. 31(d). Suspension of briefing may be ordered when not opposed by either party or "in response to a filing or other action which affects the record or the briefing process. . . ." M.R.A.P. 31(e). "To the degree that a trial judge's decision to grant or deny a motion for an extension of time is based upon precept of law, the standard for this Court's review shall be 'plenary'; otherwise, this Court shall simply apply the abuse-of-discretion standard." *In re Estate of Ware v. Capers*, 573 So.2d 773, 776 (Miss. 1990). We find that the circuit court's refusal to allow Holly an extension of time after final judgment was entered in the case was not an abuse of discretion.

¶7. Holly maintains that the EAB and circuit court erred in issuing their rulings on his appeal without the benefit of a transcript of his hearing, which he blames on the inaction of his attorney and his own lack of finances. However, the burden of providing that transcript is placed upon Holly, as the appellant in this case. Miss. Code Ann. § 25-9-132 (1991). We have not recognized any right to an attorney or funds to appeal a decision from the EAB to circuit court or to this Court. The United States Supreme Court has held that as a general rule, "fee requirements ordinarily are examined only for rationality. *M.L.B. v. S.L.J.*, 519 U.S. 102, 567 (1996). "The State's need for revenue to offset costs, in the mine run of cases, satisfies the rationality requirement, *see Ortwein*, 410 U.S., at 660, 93 S.Ct., at 1174-1175; States are not forced by the Constitution to adjust all tolls to account for 'disparity in material circumstances.'" *Id*. (*quoting Griffin v. Illinois*, 351 U.S., 23, (Frankfurter, J., concurring in judgment)). The three recognized exceptions to that general rule are fees that prevent participation in the political process as voters and candidates, fees limiting access to the judicial process in criminal or quasi-criminal cases, and fees in cases affecting termination of parental rights. *Id*. at 568. Even if there were a recognized exception allowing in forma pauperis appeals from termination proceedings by the EAB, Holly has presented no evidence in the record to prove his IFP status. With no recognized right to an attorney or funds in his appeal, and no proof of Holly's IFP status, we find Holly's complaints regarding the loss of his attorney and his economic status unpersuasive.

## II.

## NEW EVIDENCE

¶8. Holly asserts that the circuit court should have remanded his case back to the EAB for

presentation of newly discovered evidence in his case. Specifically, he claims that he has new evidence in the form of his acquittal of the criminal charges filed against him in justice court. Holly also attached to his brief a statement from Vera Willis in which she claims that Officers Daisy Neal and Sandra Seals were threatened with termination by Captain Cole to change their incident reports to conform with his testimony. Included with Willis's statement is an unsigned and undated statement allegedly from Seals confirming Willis's allegations.

¶9. In reviewing an appeal from the EAB, the circuit court has authority to remand the cause for a rehearing "in the event that there is a finding of prejudicial error in the proceedings. . . ." Miss. Code Ann. § 25-9-132(3) (1991). Rule 60(b) of the Mississippi Rules of Civil Procedure provides relief from a final judgment or order upon motion of a party showing "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Miss. R. Civ. P. 60(b)(3).

¶10. The order of the Sunflower County Circuit Court finding Holly "not guilty" in Cause No. 95-0203 is dated November 7, 1996. Since the circuit court did not enter its final order in Holly's appeal from the EAB decision until March 17, 1997, Holly's acquittal in the criminal case is not new evidence of the type contemplated by Rule 60(b)(3). Furthermore, despite Holly's assertion to the contrary, the fact that he was acquitted in the criminal case does not mean that his employment termination based upon the same events was improper. Criminal judgments carry a higher burden of proof than civil judgments. *In re Estate of Mask v. Elrod*, 703 So.2d 852, 858 n.2 (Miss. 1997); *Young et al. v. Davis*, 174 Miss. 435, 164 So. 586, 586 (1935). As a result, it is possible that the evidence was sufficient to support Holly's termination while being insufficient to support a criminal conviction. We hold that the circuit court did not err in refusing to reconsider its decision based upon the "new evidence" of Holly's acquittal.

¶11. In addition to newly discovered evidence, the circuit court may also reopen a case after final judgment to consider evidence of "fraud, misrepresentation, or other misconduct of an adverse party." Miss. R. Civ. P. 60(b)(1). However, the record contains no motion filed by Holly for reconsideration of the circuit court's decision based upon Vera Willis's statement that witnesses Daisy Neal and Sandra Seals were threatened by Captain Cole. We have held "that it may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record." *American Fire Protection, Inc. v. Lewis*, 653 So.2d 1387, 1390 (Miss. 1995). "[T]his Court has also consistently held that errors raised for the first time on appeal will not be considered. . . ." *Ellis v. Ellis*, 651 So.2d 1068, 1073 (Miss. 1995). Additionally, the fact that the attached alleged statement of Officer Seals has not been signed or dated makes it unreliable for purposes of this appeal. As a result, we do hold the trial court in error on this point.

### III.

### STANDARD OF REVIEW

¶12. Holly complains that Hearing Officer Mason erred in his ruling, because he applied an improper standard of review. In his order dismissing Holly's appeal, Hearing Officer Mason stated:

> The Appealing Party has the burden of proving that the action taken by the agency is without merit, in error or is arbitrary or capricious. it [sic] is the opinion of the Hearing Officer that the

Appealing Party has failed to sustain this burden. Further if the agency has acted in accordance with the published policies, rule [sic] and regulations of the State Personnel Board, and if the personnel action taken by the agency is allowed under the said policies, rules and regulations, the Employee Appeals Board shall not alter the action taken.

Section 25-9-127, governing appeals to the EAB, requires the appealing party "to furnish evidence that the reasons stated in the notice of dismissal or action adversely affecting his compensation or employment status are not true or are not sufficient grounds for the action taken." Miss. Code Ann. § 25-9-127(1) (1994).

No employee of any state agency may be dismissed unless there is good cause and after written notice and hearing. Miss. Code Ann. § 25-9-127 (Supp.1990). Employees affected by adverse decisions may appeal to the Employee Appeals Board (EAB) for de novo hearing, then to circuit court for judicial review on the record, and finally to this Court. Miss. Code Ann. §§ 25-9-131 and 25-9-132 (Supp.1990). Review by the circuit court is limited to determinations of whether the EAB's actions are supported by substantial evidence, are arbitrary or capricious, or are in violation of some statutory or constitutional right of the employee. Miss. Code Ann. § 25-9-131 (Supp.1990).

*Hood v. Miss. Dep't of Wildlife Conservation*, 571 So.2d 263, 267 (Miss. 1990).

¶13. As the MDOC points out in its brief, the standard of review applied by Hearing Officer Mason is synonymous with that set out in § 25-9-127(1). Black's Law Dictionary defines the term "arbitrary and capricious" as "[c]haracterization of a decision or action taken by an administrative agency or inferior court meaning willful and unreasonable action without consideration or in disregard of facts or law or without determining principle." Black's Law Dictionary 105 (6th ed. 1990). "Merits" is defined as ". . .[t]he substance, elements, or grounds of a cause of action or defense." *Id*. at 989-90. Common sense tells us that the term "in error" has the same meaning as "not true." The standard applied by Hearing Officer Mason, therefore, is synonymous with the statutory standard of review requiring Holly to prove that the MDOC's reasons for terminating him were not true or insufficient grounds for termination. We find no merit in this assignment of error.

## CONCLUSION

¶14. Holly has presented no claims in his appeal to this Court requiring reversal of his termination of employment by the MDOC. Throughout the proceedings before the EAB and the circuit court, Holly was afforded due process of law in this case. Based upon the limited record before the Full Board, the circuit court, and this Court, we find that sufficient evidence was presented to support the decision of the MDOC to fire Holly. We therefore affirm the decision of the circuit court.

¶15. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**