964 So.2d 582 (2007)
Fredrick PAYNE, Appellant,
v.
MISSISSIPPI DEPARTMENT OF MENTAL HEALTH, Appellee.
No. 2006-SA-00548-COA.
Court of Appeals of Mississippi.
September 4, 2007.
*583 Henry C. Clay, III, Ridgeland, attorney for appellant.
Gene W. Rowzee, Jr., attorney for appellee.
Before MYERS, P.J., ISHEE and CARLTON, JJ.
MYERS, P.J., for the Court.
¶ 1. Fredrick Payne, a psychologist in the Pecan Grove ICF/MR Unit, Psychology Department, working primarily with retarded patients, was terminated from his employment for physical abuse of a vulnerable adult. A hearing was held, after which the hearing officer found that an incident occurred when Payne verbally and physically assaulted a patient in a wheelchair. Subsequently, the matter was upheld by the Mississippi Employee Appeals Board (EAB), which issued an opinion and order upholding the decision to terminate Payne's employment. On appeal to the Circuit Court of Hinds County, the decision upholding the termination of Payne was affirmed. Payne now appeals, asserting that the EAB decision was not supported by substantial evidence and was arbitrary and capricious. Also requested for review is whether Payne was terminated for a criminal act of violating the Mississippi Vulnerable Adults Act and whether Payne was denied due process. Payne asks this Court to reverse the upholding of his termination, or, in the alternative, to remand to the EAB for a determination of whether there was a subsequent acquittal on the simultaneous pending criminal charges under the Mississippi Vulnerable Adults Act. Finding no error in the decision of the lower court, we affirm.

DISCUSSION
I. WHETHER THE DECISION OF THE EMPLOYEE APPEALS BOARD UPHOLDING PAYNE'S TERMINATION WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE AND WAS ARBITRARY AND CAPRICIOUS?
¶ 2. Payne argues that there was a lack of substantial evidence before the *584 EAB to support the upholding of his termination by the Ellisville State School/Mississippi Department of Health (Department), thus the decision of the EAB was arbitrary and capricious. The Department argues that Payne bore the burden of proof and failed to meet this burden at the EAB.
¶ 3. Mississippi Code Annotated section 25-9-132 (Rev.2006) controls our statutory scope of judicial review of an EAB decision. The statute provides in pertinent part,
(2) The scope of review of the circuit court in such cases shall be limited to a review of the record made before the employee appeals board or hearing officer to determine if the action of the employee appeals board is unlawful for the reason that it was:
(a) Not supported by any substantial evidence;
(b) Arbitrary or capricious; or
(c) In violation of some statutory or constitutional right of the employee.
Miss.Code Ann. § 25-9-132. "[A] rebuttable presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging an agency's action." Miss. Transp. Comm'n v. Anson, 879 So.2d 958, 963(¶ 13) (Miss.2004) (quoting Pub. Employees Ret. Sys. v. Shurden, 822 So.2d 258, 263(¶ 13) (Miss.2002)).
¶ 4. Payne had the opportunity to rebut the charges against him by making arguments, putting on witnesses, and cross-examining witnesses at the EAB hearing. Payne testified that he attempted to restrain the patient out of necessity and did not use excessive force during the incident. Witnesses testified on behalf of Payne regarding Payne's past work performance and their own observations of the demeanor and tendencies of the particular patient that Payne was accused of abusing. Several witnesses testified on behalf of the Department that the manner in which Payne restrained the mentally retarded client was not an approved restraint by the standards of the Techniques for Managing Aggressive Behavior training manual. Photographs taken by the risk manager on the day of the incident were introduced at the hearing, depicting red marks found on the patient's neck. Two eyewitnesses testified that the client did not try to bite Payne, in contradiction to Payne's testimony. Ultimately, the EAB concluded that the testimony supported the finding that Payne attempted to restrain a mentally retarded client who was in a wheelchair by placing unauthorized force on the back of the client's neck and arm. Based on the evidence before the EAB, we cannot find that the decision was arbitrary or capricious and therefore affirm.
II. WHETHER PAYNE WAS TERMINATED FOR ALLEGEDLY COMMITTING A CRIMINAL ACT OF VIOLATING THE VULNERABLE ADULT ACT
¶ 5. Payne asserts that he was terminated for a violation of the Mississippi Vulnerable Adults Act,[1] and argues that his termination based upon a violation of the Act was improper. Payne argues that his conduct did not rise to a level warranting dismissal, and in support of his position, he *585 cites to a number of cases upholding a termination which resulted after serious restraint and abuse occurred. He further asserts that termination for a violation of the Vulnerable Adults Act requires a showing of his intent to abuse a vulnerable adult. Lastly, Payne requests this Court to remand his case back to the EAB for reconsideration, in the event an acquittal of the criminal charges under the Vulnerable Adults Act is entered. However, Payne recognizes that our jurisprudence has held that an acquittal in a criminal case does not necessarily affect employment termination based upon the same event.
¶ 6. The Department argues that Payne's termination was not based on his violation of criminal law, but rather upon his violation of its policy. Specifically, the Department points out that within the pre-termination and termination notices, no references were made to Vulnerable Adults Act or the statutory prohibitions on the actions described therein. We agree that no reference was made within the termination notices regarding Payne's conduct in reference to the Vulnerable Adults Act. Therefore, we cannot find that Payne was terminated for a criminal violation under the Act.
¶ 7. Furthermore, we find that an employee's acquittal in a criminal case under the Vulnerable Adults Act does not provide the basis for a motion for reconsideration. In a similar termination case, Holly v. Miss. Dep't of Corrections, 722 So.2d 632, 636(¶ 10) (Miss.1998), the supreme court held that an employee's acquittal of charges under the Vulnerable Adults Act could not affect the decision of termination, finding that "it is possible that the evidence was sufficient to support [the employee's] termination while being insufficient to support a criminal conviction." Thus, we decline to remand Payne's case back to the EAB after the pending criminal charges based on the same set of events are adjudicated.
III. WHETHER PAYNE WAS DENIED DUE PROCESS
¶ 8. Payne asserts that he was denied due process when he received notice that he was placed on leave but not informed of the type of leave he was placed on or given a formal notice of suspension. He additionally argues that his due process rights were violated when he was unable to file a grievance and did not receive a pre-termination notice in accord with the procedures mandated by the Mississippi State Employee Handbook. The Department argues that Payne was owed no more substantive obligations before his termination, as he was given adequate notice, given the opportunity to present his side of the story, and was allowed to appeal the final agency decision to the EAB.
¶ 9. The record reflects that the incident at issue occurred on August 26, 2003. Thereafter, Payne was suspended with pay; however, he did not receive a formal notice regarding the suspension until September 10, 2003. At this time, Payne was given a written reprimand, as well as a pre-termination notice. The Department additionally informed Payne that the grievance procedure outlined in the Employee Handbook would not be available to him, as the pre-termination conference would serve to supersede the grievance procedure and would render the grievance procedure unnecessary.
¶ 10. The EAB found that Payne received due process, as he received a pre-termination notice alleging that he had been verbally and physically abusive to a patient and providing a deadline for his written response to the charge. However, the EAB noted that the Department's placing Payne on administrative leave with *586 pay during the investigation without first providing a formal notice was error on the part of the Department but ultimately found that this failure to provide notice was harmless error. The EAB explained that the Employee Handbook rules allow for immediate suspension with pay under extraordinary circumstances. Thus, the EAB reasoned that although Payne did not receive notice during the investigation, he was placed on administrative leave with pay, and that this procedure was not violative of Payne's due process rights.
¶ 11. Further, the EAB found that the Employee Handbook rules provide for an immediate appeal to the EAB when a disciplinary action results in termination, and a decision from the EAB supplants a decision from a final authority in a grievance process. Thus, the EAB held that the Department did not violate the Employee Handbook rules when dispensing with the grievance procedure because the utilization of the grievance process would prove futile in the wake of a decision by the EAB.
¶ 12. We cannot find that the EAB erred in deciding this issue. Payne was placed on administrative leave with pay pending the resolution of the investigation, which an agency may grant at its discretion. See Davis v. Miss. State Dep't of Health, 856 So.2d 485, 490-91 (¶ ¶ 22-25) (Miss.Ct.App.2003). Once the investigation was concluded, Payne was properly noticed of the Department's intention to terminate his employment. Payne was then given an opportunity to rebut the charges against him; however, he was unable to provide sufficient rebuttal evidence at the hearing on the matter. Furthermore, we agree with the EAB in finding that Payne's route of appeal through the grievance process would have been unnecessary because Payne, instead, utilized the route providing direct appeal to the EAB. For these reasons, we affirm.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The Mississippi Vulnerable Adults Act, encompassed within Mississippi Code Annotated sections 43-47-1 through 43-47-37, provides criminal sanctions for the willful abuse, neglect or exploitation of any vulnerable adult. The Department has incorporated the statutory provisions into the State Employee's Handbook, providing in a Department addendum to the handbook that "in accordance with the Vulnerable Adults Act, under no circumstances will an employee strike, shove, pinch, sexually abuse, neglect or otherwise subject any consumer to violent treatment, verbal abuse or exploitation."