997 So.2d 946 (2008)
Lou E. SPEARS, Appellant,
v.
MISSISSIPPI DEPARTMENT OF WILDLIFE, FISHERIES AND PARKS, Appellee.
No. 2007-CC-00954-COA.
Court of Appeals of Mississippi.
July 22, 2008.
Rehearing Denied January 6, 2009.
*947 John H. Ott, Mccomb, attorney for appellant.
William Douglas Mann, attorney for appellee.
Before MYERS, P.J., CHANDLER and BARNES, JJ.
CHANDLER, J., for the Court.
¶ 1. On remand from the Circuit Court of Pike County, Hearing Officer Roosevelt Daniels II found that Lou E. Spears did not prove that her termination by the Mississippi Department of Wildlife, Fisheries, and Parks was improper. On appeal, the full Mississippi Appeals Board affirmed the decision of Officer Daniels. Spears then appealed to the circuit court, which entered an order affirming the full Board's decision. Aggrieved, Spears appeals the judgment of the circuit court. She argues that the circuit court erred in considering evidence from the second administrative hearing when there existed a transcript from the first administrative hearing, in which Officer Daniels found in Spears's favor. Alternatively, Spears argues that Officer Daniel's decision in favor of the Department was arbitrary, capricious, and not supported by substantial evidence.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On May 1, 2002, Spears was terminated from her position as a housekeeper with the Percy Quinn State Park for repeatedly refusing to sign her performance appraisal reviews (PAR).[1] Spears's refusals constituted a "Group III[,] No. 16 offense, according to the Mississippi State Employee Personnel Handbook (July 2001): `willful violation of State Personnel Board policies, rules[,] and regulations.'" Spears admitted that she refused to sign the PARs, but she claimed that she refused because the Department had not furnished her copies of her prior PARs. She also believed that someone else had been signing her name to documents.
¶ 4. Spears began working for the Department sometime in 1998. The first incident arose in 2001 when Spears refused to sign a PAR, for which she was issued a reprimand on March 16, 2001. She did not file a grievance with the Department following this reprimand, nor did she file a *948 grievance at any time before losing her job. Thereafter, the new Regional Parks Manager, Dee Kincaid, began working with Spears to remedy the situation. Kincaid placed Spears on a Performance Improvement Plan (PIP) and provided Spears with the necessary instruction to perform her job.
¶ 5. In January 2002, at the conclusion of her PIP, Spears again refused to sign the PAR despite her satisfactory rating. After Spears refused to sign her annual PAR in March 2002, the Department sent Spears a pre-termination letter. The letter gave Spears the option to respond to the allegations against her, and it informed her that a hearing was scheduled at which the Department would determine whether to terminate her employment.
¶ 6. In response to the pre-termination letter, Spears sent a letter to Kincaid requesting copies of her prior PARs and alleging that someone had been signing her name to documents. The Department deemed Spears's letter to be unresponsive to the charges against her. In the letter, Spears asked a number of questions regarding the forms that she refused to sign, but she did not answer any of the charges against her. She concluded her letter as follows:
Answer our questions in order within seven working days as the handbook states along with Glen [Harris] and Sam Polles. Afterwards if the three of you meet with us in person with drivers['] licenses as I.D. and picture state I.D. badges we will consider signing your [SPB] form.
Even though Spears requested a meeting with her supervisors, she failed to attend the scheduled due process hearing. Because Spears did not respond to the Department's allegations and did not attend her due process hearing, she presented no defense to the charges against her. Accordingly, the Department issued a letter terminating Spears's employment, effective May 1, 2002.
¶ 7. Spears, acting pro se, appealed her termination, and a hearing was held before Officer Daniels. Following the hearing, Officer Daniels issued an order setting aside Spears's termination. Officer Daniels found that only the appointing authority can terminate an employee, and there was no evidence in the record indicating that the appointing authority had delegated that authority to Executive Officer Robert Cook, who authorized Spears's termination. After entering the order, Officer Daniels allowed the Department to supplement the record with documents, including a memorandum showing that Cook did have such authority.
¶ 8. The Department appealed the order setting aside Spears's termination to the full Board. To support its argument on appeal, the Department pointed to the memorandum in which Executive Director Sam Polles designated Cook as Executive Director Designee, thereby granting him authority to handle all personnel issues requiring a fourth-level review. This designation gave Cook the authority to handle personnel issues, including, but not limited to, reprimands, suspensions, and terminations. According to the memorandum, which was not in evidence during the initial hearing before Officer Daniels, Cook's designation became effective on July 23, 2001, which was prior to Spears's termination.
¶ 9. Notwithstanding the memorandum delegating authority to Cook, the full Board affirmed Officer Daniels's order reinstating Spears to her position. The full Board found that "the record does not reflect that [Spears] was ever given the opportunity for review and feedback of her performance appraisal." It found as such despite the fact that neither the Department *949 nor Spears requested or submitted a transcript of the proceedings before Officer Daniels. The full Board also determined that the memorandum should have been available at the time of the initial hearing, and it should have been entered at that time.
¶ 10. Next, pursuant to section 11-51-95 of the Mississippi Code Annotated (Rev. 2002), the Department filed a writ of certiorari with the circuit court seeking review of the full Board's decision. Upon review, because neither party had requested nor submitted a transcript of the initial hearing, the circuit court found that the record was insufficient to render a judgment. The circuit court, therefore, remanded the case to the hearing officer to make an adequate record.
¶ 11. Following a second hearing, at which Spears was represented by counsel, Officer Daniels found that Spears failed to meet her burden. He entered an order finding that the Department acted in accordance with its policies, rules, and regulations, and he upheld Spears's termination. Spears then appealed the order to the full Board, which affirmed Officer Daniels's order. On appeal from the full Board, the circuit court also affirmed Spears's termination. Finally, Spears appealed the circuit court's judgment affirming her termination, and it is that appeal that is currently before this Court.

STANDARD OF REVIEW
¶ 12. We will not disturb the conclusions of an administrative agency unless that agency's order "(1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates one's constitutional rights." Hemba v. Miss. Dep't of Corr., 848 So.2d 909, 914(¶ 18) (Miss.Ct.App.2003) (citing Miss. Dep't of Corr. v. Harris, 831 So.2d 1190, 1192(¶ 6) (Miss.Ct.App.2002)).
¶ 13. In reviewing the decision of an administrative agency, a circuit court sits as a reviewing court; therefore, its scope of review is limited. Walters v. Dep't of Econ. and Cmty. Dev., 768 So.2d 893, 895(¶ 8) (Miss.2000) (citing Miss. Employment Sec. Comm'n v. Pulphus, 538 So.2d 770, 772 (Miss.1989)). "However, the appellate court can look beyond the administrative agency's findings." Id. (citing Johnson v. Ferguson, 435 So.2d 1191, 1194-95 (Miss.1983)). Regarding the review of an agency's findings, the supreme court has stated that:
[T]he rule is sufficiently flexible to permit the [appellate court] to examine the record as a whole and where such record reveals that the order of the [agency] is based on a mere scintilla of evidence, and is against the overwhelming weight of the credible evidence the [c]ourt will not hesitate to reverse.
Johnson, 435 So.2d at 1194-95 (citing Universal Mfg. Co. v. Barlow, 260 So.2d 827, 831 (Miss.1972)).

ANALYSIS OF THE ISSUES
¶ 14. Spears alleges error in the findings of the circuit court as follows: "The circuit court erred in considering evidence from a second administrative hearing where the lack of a transcript from the first administrative hearing was the sole fault and responsibility of the Appellant, [Department of Wildlife, Fisheries, and Parks]." Should this Court find that the circuit court was not in error in considering such evidence, Spears alternatively argues that the weight of evidence from both proceedings overwhelmingly favored her, and the Board's decision was arbitrary, capricious, and not supported by substantial evidence.
*950 ¶ 15. Spears argues that her case is analogous to that of Holly v. Mississippi Department of Corrections, 722 So.2d 632, 635(¶ 7) (Miss.1998). In Holly, the supreme court found that it was not error for the Board and the circuit court to rule on Holly's appeal without the benefit of a transcript. Id. The supreme court noted that under section 25-9-132 of the Mississippi Code Annotated (1991), the burden of providing a transcript is on the appealing employee, in that case, Holly. Id. In the present case, because the Department failed to provide the circuit court with a transcript, Spears argues that this Court should disregard the second hearing and "review the matter based on the record as it existed when the Department first appealed this matter to the circuit court...."
¶ 16. Mississippi Code Annotated section 25-9-132 (Rev.2006) provides for judicial review of an employee's appeal from a decision by the employee appeals board. Spears cites section 25-9-132 for the provision that states that the circuit court's scope of review is limited to the record made before the Board or the hearing officer. Miss.Code Ann. § 25-9-132(2). However, that section also states that the purpose of the review by the circuit court is to determine whether the action taken by the Board is unlawful because it was (a) unsupported by any substantial evidence, (b) arbitrary or capricious, or (c) in violation of some statutory or constitutional right of the employee. Id.
¶ 17. Notwithstanding Spears's arguments, the provisions of section 25-9-132 do not govern a state agency's appeal of the decision of the appeals board. See Bertucci v. Miss. Dep't of Corr., 597 So.2d 643, 646 (Miss.1992); Gill v. Miss. Dep't of Wildlife Conservation, 574 So.2d 586, 590 (Miss.1990). Instead, the proper method is review by writ of certiorari. Bertucci, 597 So.2d at 646; Gill, 574 So.2d at 590. In the present case, the Department properly sought review by writ of certiorari, which is authorized under Mississippi Code Annotated sections 11-51-93 (Rev.2002) and 11-51-95 (Rev.2002). Under section 11-51-93, the circuit court is confined to examining "questions of law arising or appearing on the face of the record and proceedings." The supreme court has found that this places the reviewing court "in [the] familiar posture of judicial review of administrative processes wherein we may interfere only where the board or agency's decision is arbitrary and capricious, accepting in principle the notion that a decision unsupported by any evidence is by definition arbitrary and capricious." Gill, 574 So.2d at 591.
¶ 18. Mississippi Code Annotated section 25-9-127(1) (Rev.2006) provides that:
[A]ny employee who has by written notice of dismissal or action adversely affecting his compensation or employment status shall, on hearing and on any appeal of any decision made in such action, be required to furnish evidence that the reasons stated in the notice of dismissal or action adversely affecting his compensation or employment status are not true or are not sufficient grounds for the action taken....
¶ 19. When this matter first came to the circuit court for review, it found that the record was inadequate to determine whether Spears's termination was supported by the evidence. As a result, the circuit court remanded the case for a rehearing with a full record. Presently, Spears seems to allege that the Department misrepresented to the circuit court that no record was made. We do not find that to be the case.
¶ 20. In its brief to the circuit court, the Department merely stated that "[n]o transcript of the hearing was requested or included for review...." The Department *951 stated that the reason it did not request a transcript of the hearing was because the sole reason that Officer Daniels reinstated Spears was that the Department did not present evidence that Cook had the authority to terminate Spears. Accordingly, on appeal from Officer Daniels's order, the Department argued that Cook had been delegated the authority to terminate Spears.
¶ 21. Upon reviewing Officer Daniels's order, the only reason he cited for reinstating Spears was the lack of evidence concerning Cook's authority to terminate an employee. This defect was cured when Officer Daniels allowed the Department to supplement the record with evidence showing that Cook did have such authority. The order also found that Spears testified that she was not allowed to review her PAR, but the order did not find that Spears's reinstatement was required as a result of that testimony. Officer Daniels's order did not find that Spears was not allowed to review her PAR or give feedback on it, only that she testified to such.
¶ 22. Despite having no transcript of the hearing, the full Board found that the record did not reflect that the Department gave Spears the opportunity to review her PAR. We can only conclude that this finding by the full Board was taken from Officer Daniels's order in which he found that Spears testified that she was not allowed to give feedback.
¶ 23. Spears is correct in her assertion that a circuit court may rule on an appeal from the Board without the benefit of a transcript. Holly, 722 So.2d at 635(¶ 7). However, we must also take into account the rule stating that an agency's decision that is supported by substantial evidence is binding upon an appellate court. Hemba, 848 So.2d at 915(¶ 19) (quoting Wilkinson County Bd. of Supervisors v. Quality Farms, Inc., 767 So.2d 1007, 1010(¶ 9) (Miss.2000)).
¶ 24. From the limited record that was initially before the circuit court, we cannot say that there was substantial evidence supporting the full Board's decision to affirm Spears's reinstatement. As revealed in the record, the Department reprimanded Spears for refusing to sign her PAR. Thereafter, the Department took steps to help Spears, and it placed her on a PIP. The exhibits that were before the full Board did not support the finding that Spears had no opportunity to review her PARs. Nevertheless, she refused to sign them because she thought they were hiding her previous PARs from her, and she thought Department officials had been forging her name.
¶ 25. Considering the record that was initially before the full Board, it is unclear how, without the benefit of Spears's testimony, the full Board could find that the Department's actions were unsupported by substantial evidence. Besides Officer Daniels's order, there was no evidence in the record that the Department had failed to provide Spears the opportunity to review her PARs. Contrary to Spears's assertion was a letter that she wrote to a Mr. Smith, which was placed in evidence during the first hearing. In the letter, Spears wrote, "My only reason for not signing the form is I have been denied access to my records."
¶ 26. As this Court has previously stated:
If there was evidence to support the findings that at least one Group III offense occurred, an offense which permits an agency to terminate its employee, then the termination must be upheld since the Department "acted in accordance with the published policies, rules and regulations of the State Personnel Board, and ... the personnel action taken *952 by the responding agency is allowed under said policies, rules and regulations...."
Harris, 831 So.2d at 1193(¶ 12).
¶ 27. In this case, the evidence established that Spears acted in "willful violation of State Personnel Board policies, rules and regulations," and the Department cited her for a Group III offense for such violation. Officer Daniels did not find to the contrary; he found only that there was no evidence that Cook had the authority to dismiss Spears. Nevertheless, even though the record before the full Board revealed that Cook did indeed have such authority, the full Board affirmed Officer Daniel's decision on other grounds, a finding that was not supported by the record. Accordingly, because we find that there was not substantial evidence supporting the full Board's decision to reinstate Spears, we find that it was not error for the circuit court to remand the case to the hearing officer for the development of an adequate record.
¶ 28. Having determined that it was not error for the circuit court to remand the case for a second hearing, we must look at whether the Officer Daniel's decision to affirm Spears's termination was arbitrary, capricious, or unsupported by substantial evidence. Following a second hearing on the matter, Officer Daniels entered an order finding that:
The Agency has acted in accordance with the published policies, rules and regulations of the State Personnel Board, and the action taken by the Agency is allowed under the policies, rules and regulations of the State Personnel Board, and the Appellant failed to [meet] her burden; therefore, the relief she has requested must be denied.
The full Board and the circuit court both affirmed the order on appeal.
¶ 29. After reviewing the transcripts and the rest of the record, we find that there was substantial evidence supporting the Department's decision to terminate Spears. We find this to be so whether we consider only the evidence from the first hearing or evidence from both hearings. Taking all of the evidence together, the second hearing only served to further support the Department's argument that it had cause to terminate Spears and that it acted in accordance with its published policies and procedures. However, even without considering any evidence from the second hearing, we find the evidence supports Spears's termination.
¶ 30. According to the Mississippi State Employee Handbook, the "willful violation of State Personnel Board policies, rules and regulations" is a Group III offense. The handbook further provides that citation for a Group III offense is punishable by termination. In Spears's case, not only did she refuse to sign her PAR once, but she refused to sign three times. After refusing to sign her first PAR, the Department issued Spears a Group II reprimand for insubordination, two of which could result in termination. The Department then attempted to work with Spears and give her a clean slate. Nevertheless, upon completing her PIP, Spears again refused to sign her PAR. It was not until months later when Spears refused to sign her next annual PAR that the Department began taking steps to terminate her employment.
¶ 31. Furthermore, at the initial hearing, Spears testified that she had a copy of the Mississippi State Employee Handbook. Spears told the hearing officer that she was aware that refusal to sign the PAR would be considered an act of insubordination. She also stated that she was aware of the provisions for filing a grievance. However, despite Spears's complaints about the Department's alleged procedures, *953 she never filed a grievance against the Department.
¶ 32. While Spears alleged that she was never given the opportunity to review her PAR, the Department presented substantial evidence to the contrary. Kincaid testified that Spears was allowed to make comments. According to Kincaid, Spears was asked about each of the items that constituted feedback, but she refused to talk about them. Kincaid and Cook both testified that Spears never alleged that she was kept from reviewing her PARs.
¶ 33. Furthermore, included in the record as an exhibit was a letter dated March 15, 2001, from David Gobold, Assistant Manager at Percy Quinn at the time of Spears's first PAR. In the letter, Gobold said that he reviewed Spears's PAR with her, but she refused to sign it. The letter also specified that Gobold told Spears that her refusal to sign the PAR would be an act of insubordination. The letter from Gobold is further evidence that the Department reviewed Spears's PAR with her.
¶ 34. An employing agency's findings are presumed to be correct, and an aggrieved employee has the burden of proving otherwise. Harris, 831 So.2d at 1192-93(¶ 10) (quoting Richmond v. Miss. Dep't of Human Servs., 745 So.2d 254, 258(¶ 14) (Miss.1999)). In Richmond, the supreme court said the following:
The statute and administrative regulations clearly place the burden of persuasion on the aggrieved employee to demonstrate that the reasons given are not true.... This is not mere semantics. Under our scheme, in a nutshell, ties go to the appointing authority. That is, unless the employee carries the burden of persuasion that the alleged conduct did not occur, the employee has no right to have the employment decision overturned.
Richmond, 745 So.2d at 258(¶ 14).
¶ 35. In the present case, the hearing officer found that Spears did not carry her burden of proving that she did not willfully refuse to sign three PARs. Judging the evidence under our limited standard of review, we find the order upholding Spears's termination to be supported by substantial evidence. We also find that Spears's termination was not arbitrary and capricious, that it was not beyond the powers of the Department, and that it did not violate any of Spears's statutory or constitutional rights. Accordingly, we affirm the judgment of the circuit court.
¶ 36. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The actual form that Spears refused to sign was State Personnel Board (SPB) Form 800-1; however, the parties generally refer to it as Spears's PAR.